Evelyn M. KIRKSHOUSE, Appellant,

v.

EASTERN KENTUCKY UNIVERSITY
et al., Appellees.

Court of Appeals of Kentucky.

Nov. 9, 1973.

Paul E. Fagan, Richmond, for appellant.

Charles R. Coy, Richmond, J. Keller Whitaker, Director, Workmen's Compensation Bd., C. T. Easterly, Dept. of Labor, Special Fund, Frankfort, for appellees.

OSBORNE, Justice.

Evelyn M. Kirkshouse is the wife of James Kirkshouse who, in 1968, suffered a myocardial infarction while employed by Eastern Kentucky University. As a result of the attack James Kirkshouse was awarded Workmen's Compensation benefits in the total amount of $47.00 a week for 400 weeks against the university and $42.70 per week for 400 weeks against the Special Fund.

James Kirkshouse died on Ferbuary 23, 1971. After his death his widow, Evelyn M. Kirkshouse, filed an application for continuation of payments under KRS 342.-111 of the Compensation Act. She filed as proof, in support of her claim, the death certificate of her husband which recited as the primary cause of death myocardial infarction.

In response, the university filed a great number of medical records revealing that shortly prior to his death James Kirkshouse had been hospitalized for carcinoma of the bladder and that he was discharged from the hospital as a patient suffering a terminal illness. Only one doctor testified, Dr. James D. Ruff, who examined the records and stated that in the absence of an autopsy it would be impossible to determine whether the death was the result of the myocardial infarction or the carcinoma. The Workmen's Compensation Board found that the death was the result of the carcinoma and denied the request for the continuation of payments under KRS 342.-111 as that statute provided at the time of the original injury.[1] The award of the board was affirmed by the Madison Circuit Court.

Appellant seeks, by this appeal, to overturn the action of the board and the circuit court contending that the award is not supported by reliable, probative and material evidence. The burden of establishing that her husband died as a result of the injury, for which he was awarded compensation, was upon the appellant. When she filed the death certificate indicating the myocardial infarction as the cause of death, she created a rebuttal presumption in her favor which could be overcome by other proof. The board determined that the medical records, revealing the presence of the carcinoma in a terminal state, were sufficient to overcome this presumption. We can not say, as a matter of law, that they were wrong.

Certificates such as birth certificates and death certificates are prima facie evidence in court, that the facts stated therein are true, KRS 213.190(1). Their introduction in evidence creates a presumption, if unrebutted or unexplained, sufficient to maintain the proposition and to require a judgment. However, when explanatory or rebutting evidence is offered the matter then becomes one demanding a value judgment by the court or jury, as the case may be, see Dudley's Administrator v. Fidelity and Deposit Co., Ky., 240 S.W.2d 76.

Appellant seems to contend the degree of proof necessary to overcome the presumption created by the death certificate in some way is greater than the proof required to overcome other kinds of evidence. We do not believe this is sound. The general rule as expressed by most jurisdictions is that statutory provisions making certain facts prima facie evidence and regulating the burden of evidence and proof only have the effect of shifting the burden of going forward with the evidence. The introduction of such certificate will determine the verdict or finding if no other evidence is introduced but it does not have the effect of shifting the burden of proof and the moment the opposing evidence is received the issue is then joined and must be determined upon all the evidence. We have found nothing to indicate that any greater weight should be given to evidence introduced by way of a document or record than that given to any other evidence introduced by competent proof, 2 Jones' Commentaries on Evidence, 2d Ed., § 490.

The judgment is affirmed.

All concur.

---

1. The statute was amended in 1970 to cover cases where death is caused by disease or injury other than that for which compensation was awarded.