Hirotaka Katsumata BRALLEY,
Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

June 6, 1975.

124

Harold K. Huddleston, Huddleston, Van-Zant & Coyle, P. S. C., Elizabethtown, for appellant.

Ed W. Hancock, Atty. Gen., Robert W. Riley, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

As a result of an accident in which the automobile of Hirotaka Katsumata Bralley struck another automobile and killed Mrs. Willa Gibson; the appellant, Bralley, was convicted of involuntary manslaughter, second degree. KRS 435.022(2). A judgment was entered pursuant to the jury's verdict imposing a fine of $1000.

This appeal is prosecuted by a motion, under KRS 21.140(2).

The issues raised on the appeal will be better understood if we first briefly state the essential facts.

Bralley lived in Vine Grove, Kentucky. His girl friend, whom he has since married, lived in Granite City, Illinois. Bralley spent the weekend of June 1, 1973, in Granite City visiting his girl friend. He testified that on Sunday night, June 2, 1973, he slept from 7:30 p. m. until 1:00 a. m. Monday, June 3, 1973. He then made coffee, fixed some sandwiches, and left Granite City on Monday morning June 4, 1973, at the early hour of 2:00 a. m. to return home. The evidence reveals that the distance from Granite City to Vine Grove was approximately 250 miles. Bralley had no trouble in his travel from Granite City until he reached Hardinsburg, Kentucky. He testified that he remembered stopping at Hardinsburg for gasoline. While there, he drank a pepsi-cola. After leaving Hardinsburg he could not recall anything that happened. He stated that it usually took him about an hour to drive from Hardinsburg to where the accident happened. Bralley thought he stopped at the intersection of Ky. Highway # 1882 and Ky. Highway # 144. He then turned left on Ky. Highway # 144. Approximately 300 or 400 ft. from the turn, Bralley's vehicle left its side of the road and ran head on into a vehicle Mrs. Willa Gibson was driving. Mrs. Gibson was in her lane of traffic on Ky. Highway # 144. She was killed as a result of the accident. Bralley was injured, and hospitalized as a result of the injuries he received.

Mike Witherspoon, an eyewitness to the accident, was traveling in the same direction as Mrs. Gibson. He had followed her from Vine Grove to the place of the accident. Witherspoon testified that just before the point of impact between the vehicle of Bralley and Mrs. Gibson, "I was following the lady, and the gentleman (Bralley) came over the hill and as he came over the hill he kind of veered across the lane and hit the woman." Witherspoon testified that he and Mrs. Gibson were traveling at about 50 or 55 miles per hour. A number of pictures introduced in evidence show that Bralley's vehicle hit Mrs. Gibson's vehicle head on and that most of Bralley's

vehicle was in the lane of Mrs. Gibson. The pictures indicate severe damage to both the vehicles.

Bralley urges that this court reverse the judgment of conviction.

The first contention presented is that the trial court erred in permitting the introduction of a death certificate in evidence. He states that the action of the trial court in permitting the introduction of the death certificate violated his constitutional right to be confronted by the witness.

 This court has long recognized that death certificates may be used as prima facie evidence of the *facts* therein stated. Kirkshouse v. Eastern Kentucky University, Ky., 501 S.W.2d 581 (1973). It is only to the extent that a certificate states an opinion as to legal responsibility for the death that the certificate is not admissible. See Commonwealth Life Ins. Co. v. Hall, Ky., 517 S.W.2d 488 (1974). The certificate in the instant case was offered only to establish the cause of death from a factual standpoint and therefore properly was admitted.

 There is absolutely no merit to Bralley's second contention that the corpus delicti (body of the crime) was not established. Officer Stephens, who investigated the accident, testified that Mrs. Gibson was the victim of the auto accident. She had massive head injuries, and one, possibly two broken legs. She was unconscious and her injuries were extremely serious. These facts, coupled with the death certificate which stated the cause of death as "multiple injuries" as a result of an auto accident, were amply sufficient.

 Bralley's final contention is that the trial court's instructions improperly submitted to the jury the issue of gross carelessness and negligence. This court is

of the opinion that there is merit in this issue. The trial court improperly submitted to the jury the issue of gross carelessness and negligence. The court's instruction number one, of which Bralley complains is as follows:

"If you believe from all the evidence to the exclusion of a reasonable doubt that the defendant, Hirotaka Katsumata Brailly (sic), in Meade County, Kentucky and within twelve months before the finding of the indictment herein, operated his automobile upon highway 144, a public highway in Meade County, Kentucky, with *gross carelessness and negligence* (emphasis added), that he ran said automobile upon or against the automobile of Willa Johnson Gibson producing injuries from which she thereafter died, you will find the defendant guilty of involuntary manslaughter and fix his punishment at a fine in any sum not exceeding $5000.00 or confinement in the county jail for any length of time not exceeding twelve months, or both such fine and imprisonment, in the discretion of the jury."

This court is of the opinion that the form of instructions covering an unintentional killing, either through operation of an automobile or otherwise should be patterned (if so warranted by the evidence) after those set forth in Hemphill v. Commonwealth, Ky., 379 S.W.2d 223, 227 (1964). The court concludes that the evidence in this case coupled with the physical facts shown by the exhibits warrant the giving of an instruction on involuntary manslaughter, second degree, as was given in *Hemphill, supra.*

The judgment is reversed with directions for a new trial consistent with this opinion.

All concur.